No. 04-875

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 165N

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

DARRYL L. FROST,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone, Cause No. DV 04-1012
The Honorable Gregory R. Todd, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Darryl L. Frost, *pro se*, Shelby, Montana

        For Respondent:

        Honorable Mike McGrath, Montana Attorney General, Jennifer Anders, Assistant Attorney General, Helena, Montana; Dennis Paxinos, Yellowstone County Attorney, Ira Eakin, Deputy County Attorney, Billings, Montana

Submitted on Briefs:  June 8, 2005

Decided:  June 28, 2005

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2    Darryl Frost appeals an order of the District Court for the Thirteenth Judicial District, Yellowstone County, dismissing his Petition for Postconviction Relief as time barred. We affirm.

## BACKGROUND

¶3    In November 2000, Frost was charged by Information with one count of deliberate homicide. The Information was later amended to a charge of mitigated deliberate homicide after Frost negotiated a plea agreement with the State. In the plea agreement, Frost agreed to enter an *Alford* plea to the charge of mitigated deliberate homicide in exchange for the State recommending a sentence of 40 years plus 10 years for the use of a weapon, for a total of 50 years. Frost recommended, on the other hand, that the court sentence him to 30 years for the homicide and that the 10 consecutive years for the use of a weapon should be suspended, for a total of 40 years with 10 suspended.

¶4    On April 3, 2002, the District Court issued its Judgment and Commitment wherein the court accepted Frost's *Alford* plea and imposed a sentence that combined both sentencing recommendations. The court followed the State's recommendation by sentencing Frost to

2

40 years plus a 10-year consecutive term for the use of a weapon. And, the court followed Frost's recommendation by suspending that 10-year term. Hence, the court sentenced Frost to a total of 50 years with 10 suspended. Frost did not appeal.

¶5 On September 29, 2004, almost two and one-half years after judgment, Frost filed a *pro se* Petition for Postconviction Relief in the District Court claiming that the 10-year sentence he received for the use of a weapon in the commission of the offense of mitigated deliberate homicide was unlawful. Two weeks later, Frost filed an Amended Petition for Postconviction Relief wherein he argued that his conviction was invalid because, having entered an *Alford* plea, he never admitted to the enhancing act as required by § 46-1-401(1)(d), MCA.

¶6 By Order dated October 29, 2004, the District Court dismissed Frost's petition, without a responsive pleading from the State, concluding that the petition was time barred under § 46-21-102, MCA, and that Frost failed to allege newly discovered evidence of his actual innocence that would excuse his delay. The court also noted that Frost could have raised the issues on direct appeal and that his failure to do so meant that the issues were procedurally barred as well. Frost appeals the District Court's Order dismissing his Petition for Postconviction Relief.

## DISCUSSION

¶7    The District Court entered judgment on Frost's case on April 3, 2002. Under Rule 5, M.R.App.P., Frost had 60 days from that date to file an appeal with this Court. He failed to do so and his conviction became final on June 3, 2002, when the time for taking an appeal to this Court expired. Section 46-21-102(1)(a), MCA. Frost filed his Petition for Postconviction Relief on September 29, 2004, more than two years after his conviction became final. However, § 46-21-102(1), MCA, provides that a petition for postconviction relief may be filed "at any time *within 1 year* of the date that the conviction becomes final. [Emphasis added.]"

¶8    Moreover, § 46-21-102, MCA, provides for only one exception to the one-year time bar--where the petitioner alleges a claim of newly discovered evidence that, "if proved and viewed in light of the evidence as a whole would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted . . . ." Section 46-21-102(2), MCA. Frost did not allege in his petition that there is any newly discovered evidence that he is innocent of the offenses for which he was convicted. Instead, he challenges the sentencing court's authority to impose a sentence under the weapon enhancement statute. Hence, the District Court concluded, and we agree, that the exception to the one-year time bar in § 46-21-102(2), MCA, may not be applied to Frost.

¶9    Accordingly, we hold that the District Court did not err in dismissing Frost's Petition for Postconviction Relief.

¶10    Affirmed.

/S/ JAMES C. NELSON

We Concur:


/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS